UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRE WAY COMPANY LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>FUZHOU PUHUA MINGHUI TRADING CO. LTD.,<br><br>Defendant. | Case No. 20-cv-01377-SVK<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF A SUBPOENA**<br><br>Re: Dkt. No. 7 |

Before the Court is Plaintiff's ex parte motion for issuance of a subpoena duces tecum prior to the Federal Rule of Civil Procedure 26(f) Conference. Dkt. 7. In its motion, Plaintiff seeks to obtain early discovery from third-party Amazon.com, Inc. to determine the address and agent for service of process for Defendant Antomove. *Id*.

"As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citations omitted). "[S]ome limiting principals should apply to the determination of whether discovery to uncover the identity of a defendant is warranted." *Id*. at 578.

"District courts in this circuit have developed a four-part test for determining when to allow early discovery." *Ebates, Inc. v. Does*, No. 16-cv-01925-JST, 2016 WL 2344199, at * 1 (N.D. Cal. May 3, 2016) (citation omitted). "Under the test applied in *Columbia Insurance Co. v. seescandy.com*, the moving party must: (1) identify the defendant with enough specificity to allow the Court to determine whether the defendant is a real person or entity who could be sued in federal court; (2) recount the steps taken to locate the defendant; (3) show that its action could

survive a motion to dismiss; and (4) file a request for discovery with the Court identifying the persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information." *Ebates, Inc. v. Does*, 2016 WL 2344199, at *1 (citations and internal quotation marks omitted).

Plaintiff has failed to satisfy any of these requirements. Accordingly, Plaintiff's motion for issuance of a subpoena to Amazon.com, Inc. is **DENIED WITHOUT PREJUDICE**. Additionally, as neither Defendant has appeared in this matter, the case management conference set for May 26, 2020 is **VACATED**.

**SO ORDERED.**

Dated: May 18, 2020

SUSAN VAN KEULEN
United States Magistrate Judge