1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    CENTRE WAY COMPANY LIMITED,          Case No.  20-cv-01377-SVK

8                    Plaintiff,

9         v.                              **ORDER DENYING PLAINTIFF'S**
                                          **MOTION FOR SUBSTITUTED**
10   FUZHOU PUHUA MINGHUI TRADING         **SERVICE**
     CO. LTD.,
11                                        Re: Dkt. No. 9
                     Defendant.
12

13          Plaintiff Centre Way Company Limited filed the instant motion[1] asking this Court to order

14   substituted service pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure.  Dkt. 9.

15   Specifically, Plaintiff asks this Court to order substituted service on Defendant Fuzhou Puhua

16   Minghui Trading Co. Ltd., a Chinese company, by way of hand delivering documents to the

17   California Secretary of State's office in Sacramento.  *Id.*

18          Rules 4(f) and 4(h)(2) of the Federal Rules of Civil Procedure govern service of process on

19   individuals and corporations outside the United States.  Rule 4(h)(2) provides for service on a

20   corporation, partnership, or association "in any manner prescribed by Rule 4(f) . . . ."

21   Fed. R. Civ. P. 4(h)(2).  Rule 4(f)(1) authorizes service "by any internationally agreed means of

22   service that is reasonably calculated to give notice," including through the Hague Convention.

23   Fed. R. Civ. P. 4(f)(1).  Alternatively, Rule 4(f)(3) allows service "by other means not prohibited

24   by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  Rule 4(f)(3) does not

25   "create a hierarchy of preferred methods of service of process," and "service of process under Rule

26   4(f)(3) is neither a last resort nor extraordinary relief."  *Rio Properties, Inc. v. Rio Int'l Interlink*,

27

28   _____
     [1] The motion is erroneously titled "Order Granting Motion for Substituted Service."  Dkt. 9.

1    284 F.3d 1007, 1014-15 (9th Cir. 2002) (internal quotations and citation omitted).  Rather, the rule

2    "is merely one means among several which enables service of process on an international

3    defendant."  *Id*. at 1015.  Rule 4(f)(3) simply requires that substituted service: (1) is directed by

4    the court; (2) is not prohibited by international agreement; and (3) comports with due process.  *Id.*

5    at 1014-1016.  "[T]he task of determining when the particularities and necessities of a given case

6    require alternate service of process under Rule 4(f)(3)" is left to the sound discretion of the district

7    court.  *Id*. at 1016.

8          Plaintiff avers that Defendant is located in China.  Dkt. 9 at 2, 8.  China is a signatory to

9    the Hague Convention, and Defendant could be served in that manner or pursuant to Rule 4(f)(3).

10   Here, Plaintiff seeks to serve Defendant pursuant to Rule 4(f)(3).  Plaintiff avers that service

11   pursuant to Rule 4(f)(3) is necessary because service under the Hague Convention would take

12   between six months and three years to complete.  Dkt. 9 at 11.  Though Plaintiff's avers that

13   counsel researched the Hague Convention requirements and timeframe, this claim is unsupported

14   by any declaration or data.  The mere "fact that alternate service will be faster does not, by itself,

15   justify service by alternate means."  *Celgard, LLC v. Shenzhen Senior Technology Material Co*.

16   *Ltd.,* 2019 WL 5550039, at *3 (N.D. Cal. Oct. 28, 2019) (citing *Keck v. Alibaba.com, Inc*., 330

17   F.R.D. 255, 259 (N.D. Cal. 2018)).  Though "in cases of urgency, Rule 4(f)(3) may allow the

18   district court to order a special method of service, even if other methods of service remain

19   incomplete or unattempted," that does not appear to be the case here.  *Rio Properties, Inc*., 284

20   F.3d at 1015.  Plaintiff suggests that "it faces a threat of immediate, irreparable harm if it cannot

21   obtain preliminary relief in this action."  Dkt. 9 at 11.  As support for this statement, Plaintiff

22   merely quotes a 2017 journal article that broadly opines on the harms that stem from patent

23   infringement.  *Id*. at 12.  Plaintiff gives no particularized reason for its assertion that it faces

24   immediate, irreparable harm, and the Court cannot find any on the record before it.  Plaintiff has

25   not demonstrated that the particularities and necessities of this case require alternate service of

26   process.  *See Rio Properties, Inc*., 284 F.3d at 1014.

27         Furthermore, and significantly, Plaintiff has failed to show that its proposed alternate

28   means of service—serving the California Secretary of State—comports with due process.  *Rio*

United States District Court
Northern District of California

1    *Properties, Inc.*, 284 F.3d at 1016.  "To meet this requirement, the method of service crafted by

2    the district court must be reasonably calculated, under all the circumstances, to apprise interested

3    parties of the pendency of the action and afford them an opportunity to present their objections."

4    *Id.* at 1016-17 (citation and internal quotation marks omitted).  Here, Plaintiff has failed to offer a

5    single fact that would support a conclusion that Defendant would be apprised of this action by

6    service on the California Secretary of State.  Instead Plaintiff states that "[s]ervice upon the

7    Secretary of State is a common form of service," citing broadly to the case *Knit With v. Knitting*

8    *Fever, Inc*.  Dkt. 9 at 12.  Plaintiff does not cite to any specific docket number or order it believes

9    stands for that proposition, nor does Plaintiff offer any quotations or analysis to further bolster its

10   statement.  Plaintiff also avers that it "is confident that service upon Secretary of State is

11   reasonably calculated to apprise the Chinese Defendant Fuzhou of the pendency of the action and

12   afford them an opportunity to present their objections because of their business contacts with the

13   residents of California."  *Id*.  Again, Plaintiff offers no factual support for this statement.  Plaintiff

14   further states that because Defendant "has (1) conducted a bad act in California, (2) deliberately

15   avoid (sic) to be contacted, and (3) without having designated a person in California to receive

16   papers," citing to the Texas Civil Code, "serving the Secretary of State is the "equivalent" of

17   serving the Defendant."  *Id*.  However, the Texas Civil Code is neither persuasive nor binding on

18   this Court.

19   ////

20   ////

21   ////

22   ////

23   ////

24   ////

25   ////

26   ////

27   ////

28   ////

United States District Court
Northern District of California

United States District Court
Northern District of California

1

For the reasons set forth above, the Court finds that Plaintiff has not sufficiently shown

2

why it should be permitted to serve Defendant through service on the California Secretary of State

3

or that such service would comport with the requirements of due process.  The Court notes that

4

Plaintiff avers it sent a notice of infringement to Defendant in China and Plaintiff attaches both the

5

notice and a purported receipt of mailing to its motion.  Dkt. 9 at 8; Dkt. 9-24, Dkt. 9-25[2].  "[T]rial

6

courts have authorized a wide variety of alternative methods of service including publication,

7

ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney,

8

telex and most recently, email."  *Rio Properties, Inc*., 284 F.3d at 1016 (collecting cases).

9

Plaintiff's motion is **DENIED** without prejudice.

10

**SO ORDERED.**

11

Dated: August 12, 2020

12

13

14

SUSAN VAN KEULEN
United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[2] The Court's copy of Dkt. 9-25 (Exhibit F) is illegible.

4